IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| STEVEN MICHAEL FERNANDEZ,           ) | No. CV 08-358-TUC-FRZ (BPV) |
| Petitioner,           ) | **REPORT AND RECOMMENDATION** |
| vs.           ) | |
| CHARLES L. RYAN, et al.,           ) | |
| Respondents.           ) | |

Petitioner Steven Michael Fernandez, presently confined in the Arizona State Prison Complex-Tucson, has filed a *pro se* Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus. (Doc. No. 1.) Respondents have filed an answer to the original petition ("Answer") with exhibits A through V attached. (Doc. No. 11.) A reply was filed by Petitioner with Exhibit A attached. (Doc. No. 17.)

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Bernardo P. Velasco for a Report and Recommendation.

For the reasons discussed below, the Magistrate Judge recommends that the District Court enter an order DISMISSING the Petition in its entirety.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

   A.   Plea Agreement

Petitioner was charged in Graham County Superior Court with one count each of: administration of a narcotic drug, a class 2 felony; possession of a narcotic drug, a class 4

felony; endangerment, a class 6 felony; possession of drug paraphernalia, a class 6 felony; and transfer of a narcotic drug, a class 2 felony, in CR2004-268 ("'268"). (Answer, Ex. A) On October 15, 2004, Petitioner was charged in CR2004-301 ("'301") with one count each of: attempt to obtain or procure the administration of a narcotic drug by fraud, deceit, misrepresentation or subterfuge, a class 4 felony; attempted fraudulent schemes and artifices, a class 4 felony; and three counts of forgery, class 4 felonies. (*Id*.) In both cases allegations of four prior felony convictions and four possessory convictions, as well as the aggravating factors of prior felony history and physical, emotional or financial harm caused to the victim or if the victim died as a result of the conduct of defendant, the emotional and financial harm caused to the victim's immediate family were filed. (*Id*.)

On March 28, 2005, Petitioner pled guilty in '268 to Count 1, attempted administration of a narcotic drug as a class 3 felony (amended), and Count 3, endangerment, a class 6 felony. (Answer, Ex. C, Reporter's Transcript ("R.T."), 3/28/05, at 3-4, 19-20.) As part of the plea agreement, Petitioner admitted a prior conviction for aggravated driving under the influence. (*Id*. at 3, 16-19.) That same date, Petitioner pled guilty in '301 to Count 4, forgery, a class 4 felony. (*Id*. at 7, 21-22.) All other allegations, as well as another case, CR 2004-307, were dismissed as part of the plea agreement. (*Id*., and Answer, Ex. A at 2.) As part of the plea agreement, Petitioner agreed to give up the right to plead not guilty and the right to a jury trial, as well as "the right to a jury determination of any factor [the court] may use as an aggravator" beyond the presumptive term of 6.5 years, up to the cap of 10.5 years in '268. (Answer, Ex. C, R.T. 3/28/05 at 9.) The court stated that "we're waiving basically *Blakely* rights of a jury determination and empowering the judge to consider aggravating factors." (*Id*.) Counsel explained that he had "outlined that new change in the law" to his client by letter, and confirmed, on the record, that Petitioner understood that "there's been a change in the law," that Petitioner had "a right to have a jury determination of aggravating factors ... proven beyond a reasonable doubt." (*Id*. at 9-10) Counsel explained that if Petitioner accepted the plea agreement, he was "giving up that right and [the trial court] will make that determination by a much lower standard of proof, what is called

preponderance of the evidence." (*Id.* at 10.) Petitioner advised that he understood, and agreed to give up that right. (*Id.*) Petitioner admitted the prior felony conviction of aggravated DUI. (*Id.* at 16.)

B. <u>Sentencing</u>

On May 19, 2005, the trial court sentenced Petitioner in '268 to the slightly aggravated term of 10.5 years imprisonment for attempted administration of a narcotic drug and 1.5 years imprisonment for endangerment, each with a prior conviction, to run concurrently. (Answer, Ex. D. R.T. 5/19/05 at 44-46.) The state produced certified copy of Petitioner's aggravated DUI conviction from 1991 in Pima County cause number CR 32171, and his conviction for aggravated assault in 1993, also out of Pima County, at the time of sentencing. (*Id.* at 21-22.) Petitioner did not object to the admission of these two priors for sentencing purposes. (*Id.* at 22.) The state also produced a certified copy of Petitioner's conviction for possession of drug paraphernalia, in Graham County cause number 2004-047. (*Id.* at 23.) Additional certified copies of convictions occurring more than ten years prior in Pima County Superior Court were admitted, over Petitioner's objection, as "background information." (*Id.* at 24.) The trial court found Petitioner's "felony history" and "the emotional harm caused to the family of [his] victim" as aggravating factors. (*Id.* at 44.)

C. <u>First Petition for Post-Conviction Relief</u>

On July 15, 2005, Petitioner filed a *pro se* Notice of Post-Conviction Relief pursuant to Rule 32 of the Arizona Rules of Criminal Procedure. (Answer, Ex. E.) Appointed counsel informed the trial court that she was unable to raise any colorable claim and moved to withdraw and allow Petitioner to file a *pro se* petition. (Answer, Ex. F.) Petitioner filed a *pro se* petition for post-conviction relief on February 9, 2006, raising the following grounds for relief:

(A) Petitioner's sentence violated his due process rights guaranteed by the 14th Amendment to the United States Constitution because the trial court failed to comply with the mandates of A.R.S. § 13-709(B) by failing to credit Petitioner for his presentence incarceration; and

- 3 -

| | | |
|---|---|---|
| 1 | (B) | Petitioner's sentence violated his due process rights guaranteed by the 14th Amendment to the United States Constitution because the trial court considered an improper aggravating factor of emotional harm caused to the family of the victim to increase the penalty for the offense in violation of A.R.S. § 13-709(C)(9)[1]. |

((Ex. G, at 3, 6.)

On May 16, 2006, the trial court dismissed the petition for post-conviction relief finding that there are no claims that present a material issue of fact or law that would entitle Petitioner to a hearing or relief and that no purpose would be served by any further proceedings. (Answer, Ex. A.) Specifically, the trial court: (1) found under Arizona law that the trial court did not err in denying credit for time served in CR 2004-047 to be credited against the new time ordered in cause numbers '268, and '301; and (2) rejected Petitioner's claim that his sentence was unconstitutionally aggravated, finding that while the finding that there was significant harm to the victim's family that resulted from the death of the victim and that Petitioner's acts were clearly causal links in the victim's death were supported by Petitioner's statements and Petitioner's plea to endangerment. (*Id*.) The trial court also found that, "[s]tanding alone, the substantial aggravator of felony history would still result in the slightly aggravated 10.5 years, even if the Court found that consideration of § 13-702(c)(9) "harm to the victim's family" was inappropriate. (*Id*.)

        D.     <u>Motion for Reconsideration And Motion For The Appointment Of Advisory Counsel and Second Petition for Post-Conviction Relief</u>

Petitioner filed a *pro se* motion for the appointment of advisory counsel. (Answer, Ex. K.) The trial court received the motion on November 29, 2006, although Petitioner signed and dated the motion May 25, 2006. (*Id*.) Petitioner requested advisory counsel to assist him in filing his motion to amend his Rule 32 to include claims of ineffective

---

[1] The trial court found Petitioner in error when he cited A.R.S. § 13-709(C)(9) when the correct reference is A.R.S. § 13-702(C)(9). (Answer, Ex. A.)

- 4 -

assistance of counsel, abuse of discretion by the trial court, and breach of the plea agreement by the state. (*Id.*)

Petitioner filed a motion for reconsideration and to amend pleadings. (Answer, Ex. L.) The trial court received the motion on November 29, 2006, although the document again reflected a signature and date of May 25, 2006. (Id. at 1,14.) Petitioner raised the following arguments in his motion:

(A) "Access to the courts;"

(B) "Court's abuse of discretion" related to Officer Orr's use of a polygraph test, a discussion that occurred before the tape recording of the Petitioner, and the classification of Count 1 as a class 3 felony instead of a class 4 after the count was amended to "attempt" and the imposition of an aggravated sentence which involved an issue "of *Blakely*[2] character;" and

(C) "Ineffective assistance of counsel."

(*Id.* at 8-12.)

Petitioner filed a second petition for post-conviction relief. (Answer, Ex. M.) Again, the trial court received the motion on November 29, 2006, although the document reflected a signature and date of May 25, 2006. (*Id.*) Petitioner raised the following arguments in his petition:

(A) Petitioner is denied access to adequately trained legal assistance, and access to the tools required to adequately and effectively produce documents;

(B) Petitioner was sentenced in violation of the Due Process Clause of the Fourteenth Amendment and notice requirements of the Sixth Amendment because his plea agreement failed to put him on notice that he would be facing anything other than the presumptive sentence of 6.5 years for the attempted administration of a narcotic drug; and

---

[2] *Blakely v. Washington*, 542 U.S. 296 (2004).

1      (C)    The trial court sentenced Petitioner to slightly aggravated terms of
                imprisonment in violation of both *Apprendi*[3] and *Blakely*.

(*Id.*)

On December 7, 2006, the trial court summarily denied all three motions, finding that they were "nothing more than a rehash of his previous Petition for Post Conviction Relief." (Answer, Ex. O at 1.) The trial court also reviewed Petitioner's complaints about the investigation, his complaints about his arrest, and his concerns about the lack of access to research facilities in the Department of Corrections and found "no error in the record" (Id. at 2.)

### E.    Second Motion for Appointment of Counsel

Petitioner filed a second motion for the appointment of counsel, dated May 25, 2006, and received by the court on January 17, 2007. (Answer, Ex. Q.)

The trial court held a hearing on the motion and issued a ruling on April 10, 2007. (Answer, Ex. N.) The trial court found that, for purposes of considering the timeliness of the motions, the time line started on May 16, 2006, when the trial court dismissed the first petition for post-conviction relief. (*Id.* at 1.) The trial court stated that the "record remained silent for six months with regards to an appeal, until the second petition was received on November 29, 2006," the same date that the court received a motion for appointment of advisory counsel and motion for reconsideration, and to amend the pleadings. (*Id.* at 2.) The court inquired of the Petitioner why he did not submit originals, and why they were signed in May, 2006, when the court did not receive them until November. (*Id.* at 3.) The trial court found that it had "no reason to believe that the defendant mailed these in May, when the Court received them in November, it appears as though the documents may have backdated six months." (*Id.* at 3.) The trial court further found there was " no reason to give credibility, and say that the DOC[4] is at fault, and defendant is not at fault for missing the deadlines for

---

[3] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

[4] Department of Corrections

- 6 -

the filing of a Rule 32." (*Id.*) The trial court concluded that the most recent request for advisory counsel, the motion for reconsideration, and the second petition for post-conviction relief were untimely. The court ruled that Petitioner "did not appeal within the appropriate time, nor did he file anything with the State." (*Id.*) Petitioner "did not file either one of his petitions on time, which precludes him from filing anything else, unless there was new evidence the defendant was not aware of." (*Id.*) The trial court denied the motion for appointment of advisory counsel, motion for reconsideration, and second petition for post-conviction relief. (*Id.* at 4.)

F.   Petition for Review

Petitioner filed a notice of appeal, dated December 21, 2006, received by the court on January 17, 2007. (Answer, Ex. P.) Petitioner argued that the trial court erred in refusing to appoint him advisory counsel. (*Id.*) Petitioner filed a petition for review to the Arizona Court of Appeals, dated June 13, 2007. (Ex. T.) Petitioner raised the following issues:

(A)   Prosecutorial misconduct;

(B)   The trial court erred by: (1) allowing Detective Orr to testify about the lie detector test; (2) not holding a hearing on the ineffective assistance of counsel claim to make a record; (3) regarding statutes used at sentencing time; (4) accepting the plea when there was no proof that defendant had committed any crime; (5) removing appointed counsel prior to a final decision by the court; and (6) using an unusable prior for aggravated DUI; and

(C)   Ineffective assistance of counsel before, during and after the plea.

(Answer, Ex. T at iii.)

On October 31, 2007, the Arizona Court of Appeals issued a memorandum decision denying review. (Answer, Ex. U.) The court of appeals held that the motion for reconsideration was untimely, citing Ariz.R.Crim.P. 32.9(a) (motion for rehearing must be filed "within fifteen days after the ruling of the court"). (Answer Ex. U at 2.) The court of appeals further held that the petition for review, filed more than one year after the trial court

1 ruled in May 2006, and six months after it ruled in December 2006, was untimely, and denied review, citing Ariz.R.Crim.P. 32.9(c)) (petition for review must be filed "[w]ithin thirty days after the final decision of the trial court on the petition for post-conviction relief or the motion for rehearing"). (Answer, Ex. U at 3.) The court of appeals found that it did not appear that the trial court granted Petitioner leave to file a delayed petition for review, nor did Petitioner claim he was granted such leave. (*Id.*) Neither did Petitioner present the trial court with any ground to justify his late filing. (*Id.*) The court of appeals further declined to address issues raised in Petitioner's two "objections" to the state's response to the petition for review, stating that, pursuant to Rule 32.9(c)(2), "a reply to a petition for review 'shall be limited to matters addressed in the response,'" and the second objection was untimely (Answer, Ex. U at 4.) Petitioner's petition for review of the Arizona Court of Appeals decision was denied by the Arizona Supreme Court, without comment, on March 4, 2008. (Answer, Ex. V.)

### G. Federal Habeas Petition

On June 18, 2008, Petitioner filed the instant habeas petition. In Ground One, Petitioner alleges a violation of the Sixth and Eighth Amendments because the "sentence exceeds the statutory maximum allowed by law" because it exceeds the presumptive 6.5-year sentence. In Ground Two, Petitioner asserts a violation of the Sixth and Fourteenth Amendments because the sentencing court abused its discretion by imposing a "sentence contrary to the legislative intent . . . enacted by [the] Arizona legislature." In Ground Three, Petitioner claims "to conform with sentencing under Arizona Legislature laws as it pertain to Blak[e]ly and Apprendi violates the 6th, 8th, and 14th Amendment[s] of the U.S. Const., especially when the method of using priors to conform with Blak[e]ly is contrary to Arizona Legislative intent." In Ground Four, Petitioner claims a violation of his Sixth Amendment right to the effective assistance of counsel. (Doc. No. 1.)

II. **DISCUSSION**

    A.    Standard of Review

Because Petitioner filed his petition after April 24, 1996, this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d) ("AEDPA").

    B.    Timeliness

A one year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. 28 U.S.C. § 2244(d)(1). Under the AEDPA, a state prisoner must generally file a petition for writ of habeas corpus within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review [.]" 28 U.S.C. § 2244(d)(1)(A).

The running of this one-year statute of limitations on habeas petitions for state convictions is tolled during any period when "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in any state court. *See* 28 U.S.C. § 2244(d)(2). Thus, the statute of limitations is tolled during the pendency of a state court action for post-conviction relief. 28 U.S.C. § 2244(d)(2).

An application contemplated by section 2244(d)(2) is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett,* 531 U.S. 4, 8 (2000) (footnote omitted). The United States Supreme Court has held that untimely state post-conviction petitions are not "properly filed" under AEDPA, and do not toll AEDPA's statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

The Ninth Circuit recognizes that the AEDPA's limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar. *Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled, in part, on other grounds by*, *Calderon v. United States Dist. Ct. (Kelly)* 163 F.3d 530, 540 (9th Cir. 1998). Tolling is

appropriate when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Id.*; *see also, Miranda v. Castro,* 292 F.3d 1063, 1067 (9th Cir. 2002)(stating that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.") (citations omitted); *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999). The extraordinary circumstances requirement is a "high hurdle," *see Calderon (Beeler)*, 128 F.3d at 1289, and policy considerations counsel against equitable tolling. *Mohasco Corp. v. Silver*, 447 U.S. 807 (1980). A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Petitioner must also establish a "causal connection" between the extraordinary circumstance and his failure to file a timely petition. *Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

This Court rejects Respondents argument that equitable tolling of the Congressionally mandated limitations period cannot survive in the face of *Bowles v. Russell*, 551 U.S. 2360 (2007). Respondents argue that the United States Supreme Court opinion in *Bowles*, established that the AEDPA limitations period is jurisdictional, and therefore equitable tolling does not apply. This Court disagrees. Prior to *Bowles*, the Supreme Court assumed, without deciding, that equitable tolling is available under 28 U.S.C. § 2244(d). *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007). The Ninth Circuit continues to apply equitable tolling to the AEDPA's statute of limitations post-*Bowles*. *Harris v. Carter*, 515 F.3d 1051, 1054, n.3 (9th Cir. 2008). Accordingly, this Court rejects Respondents arguments and finds that Petitioner is entitled to equitable tolling.

C. <u>Analysis</u>

The Magistrate Judge finds that, pursuant to the AEDPA, the Petition filed in this Court is untimely. Fernandez had until one year after his conviction and sentence became final to file his federal petition.

1. *Limitation Period Under § 2244(d)(1)(A)*

Petitioner's conviction and sentence became final on June 15, 2006, thirty (30) days after his petition for post-conviction relief was denied by the trial court on May 16, 2006, when the time for filing a petition for review to the court of appeals expired *See* 28 U.S.C. § 2244(d)(1)(A); *Summers v. Schriro*, 481 F.3d 710, 716-17 (9th Cir. 2007)("Arizona's Rule 32 of-right proceeding for plea-convicted defendants is a form of direct review within the meaning of 28 U.S.C. § 2244(d)(1)(A)"); *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001)(Judgment becomes final either by the conclusion of direct review by the highest court, including the United States Supreme Court, or by the expiration of the time to seek such review); Ariz.R.Crim.P., Rule 32.9(a)(providing for the filing of a petition for post-conviction review "[w]ithin thirty days after the final decision of the trial court on the petition for post-conviction relief or the motion for rehearing"). Accordingly, Petitioner was required to file his petition for writ of habeas corpus within 1 year of the date his convictions became final, *i.e.*, June 15, 2007, absent statutory tolling.

2. *Statutory Tolling*

    a. <u>Second Petition, Motion to Reconsider, Motions for Appointment of Counsel, and Petition for Review</u>.

Neither the second petition for post-conviction relief, the petition for review, or the motion to reconsider or appoint advisory counsel could toll the limitations period in this case. All of the petitions and motions were held to be untimely, rendering them not "properly filed" for tolling purposes under § 2244(d)(2). Untimely pleadings summarily dismissed by the state courts are not "properly filed" and do not result in statutory tolling of the 1-year statute of limitations. *See Pace*, 544 U.S. at 417 (holding that "[b]ecause the state court rejected petitioner's PCR petition as untimely, it was not 'properly filed,' and he was not entitled to statutory tolling under § 2244(d)(2)"); *Allen v. Siebert*, 552 U.S. 3, 4 (2007)("[w]hether a time limit is jurisdictional, an affirmative defense, or something in between, it is a 'condition to filing,'")(citation omitted).

Petitioner was required to file his petition for writ of habeas corpus within the 1-year period of limitations, excluding time where the statute of limitations was properly tolled. See 28 U.S.C. § 2244(d)(1)(A) & (d)(2). Petitioner did not file his federal petition for writ of habeas corpus within the 1-year statute of limitations. Unless there is a basis for equitably tolling the limitations period, Petitioner's habeas petition, filed on June 18, 2008, is untimely. This Court must recommend denial of Petitioner's petition for writ of habeas corpus as untimely filed.

3.   *Newly Discovered Constitutional Right Or Factual Predicate*

Respondents assert that Grounds One and Three of the Petition stem from the United States' Supreme Court decision in *Apprendi* and *Blakely*, but that Petitioner cannot avoid the statue of limitation bar with respect to these claims pursuant to 28 U.S.C. § 2244(d)(1)(C). Section 2244(d)(1)(C)) renews the AEDPA's one-year statute of limitations from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, fi the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C)). Respondents argue that although *Blakely* recognized a new constitutional rule of criminal procedure, the Supreme Court has not made the rule retroactively applicable to cases on collateral review. The Court need not decide if *Blakely* should be retroactively applied, however, because, at the time *Blakely* was decided, Petitioner had not yet been convicted or sentenced as reflected in the discussion of the holding in *Blakely* at the time Petitioner entered his guilty plea. Thus, for purposes of Petitioner's collateral proceedings, *Blakely* is not a "new constitutional rule."

Neither does the Petition demonstrate any new factual predicate underlying his claims that would allow for an alternative statute of limitations under 28 U.S.C. § 2244(d)(1)(D).

4.   *Equitable tolling*

"A *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Petitioner asserts, in response to Respondents' contention that his Petition is untimely, that "Petitioner was not advised by post-conviction relief counsel [...] that he had

- 12 -

1 [to] file a petition for review which counsel was obligated to advise Petitioner of his next step in the Rule 32 proceeding." (Doc. No. 17, Reply at 8.) Neither a failure to perfect an appeal nor counsel's negligence in calculating the limitations period for a habeas petition constitutes an "extraordinary circumstance" warranting equitable tolling. *Randle v. Crawford*, 578 F.3d 1177, 1186 (9th Cir. 2009)(citing *Miranda v. Castro*, 292 F.3d 1063,1066-67 (9th Cir. 2002), citing *Frye v. Hickman*, 273 F.3d 1144 (9th Cir. 2001)). As in *Randle*, the alleged negligence of counsel in this case has little to no bearing on the ability of a petitioner to file a timely federal habeas petition. 578 U.S. at 1186.

Petitioner has also asserted in his state court pleadings, although not directly in response to Respondents' equitable tolling argument, that he lacked access to "a law library or people trained in law." (Answer, Ex. K at 2, Ex. L at 8, Ex. Q at 2.) The Ninth Circuit has indicated that a petitioner's inability to access information about the statute of limitations deadline may warrant equitable tolling. *See Whalem/Hunt*, 233 F.3d 1146, 1148 (9th Cir.2000) (*en banc*) (remanding case to district court for development of facts concerning whether AEDPA materials were unavailable in the prison law library and the legal significance of such a finding). The record as submitted in this case, however, does not demonstrate that Petitioner's ability to access the relevant limitations provisions of the AEDPA or other necessary legal material was eliminated, rather, Petitioner seems to be asserting that he was not capable of researching an issue about polygraph evidence, or to have a speedy way to get copies made. (*See* Ex. K at 2.) Petitioner does not allege that he did not have access to the provisions of the AEDPA, or that he was denied such material after requesting it. Petitioner has not, at this time, sufficiently alleged that, due to circumstances beyond his control it was impossible to file a petition on time. Accordingly, this Court finds no cause for equitably tolling the limitations period in this case.

**IV. RECOMMENDATION**

The Magistrate Judge recommends that the District Court, after its independent review of the record, dismiss this action in its entirety as untimely.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within ten days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within ten days after being served with a copy thereof. Fed.R.Civ.P. 72(b). If objections are filed the parties should use the following case number: **CIV 08-0358-TUC-FRZ**.

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be deemed waived. *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir)(2003).

DATED this 26th day of October, 2009.

*/s/ Bernardo P. Velasco*
Bernardo P. Velasco
United States Magistrate Judge